

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

GDA:MLM:AEG
F.#2006R01616

*271 Cadman Plaza East*
*Brooklyn, New York  11201*

December 30, 2009

**By Hand and ECF**

The Honorable Raymond J. Dearie
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

> Re:  United States v. Thiruthanikan Thanigasalam <u>et al</u>.
> Criminal Docket No. 06-615 (S-2)(RJD)

Dear Chief Judge Dearie:

The government respectfully submits this supplemental sentencing letter with respect to all four defendants awaiting sentencing in the above-referenced case to address the Second Circuit's amended decision in <u>United States v. Stewart</u>, --- F.3d ----, 2009 WL 4975286 (2d Cir. Dec. 23, 2009), which was issued after the government filed its initial sentencing letter.

As discussed in the government's initial letter, defendants Thiruthanikan Thanigasalam ("Thani"), Sahilal Sabaratnam ("Sahil") and Nadarasa Yogarasa ("Yoga") argue that the Court should not apply the terrorism enhancement, pursuant to U.S.S.G. § 3A1.4(a), in determining the applicable Guidelines range.  (Letter from Bobbi C. Sternheim to the Hon. Raymond J. Dearie, dated Nov. 30, 2009 and filed Dec. 1, 2009 at 2; Letter from Lee Ginsberg to the Hon. Raymond J. Dearie, Nov. 30, 2009 at 3-4; Letter from Steve Zissou and Elizabeth E. Macedonio to the Hon. Raymond J. Dearie, Nov. 30, 2009 at 7, 10, 14).  Defendant Sathajhan Sarachandran ("Satha") also refers to the effects of the terrorism enhancement in seeking a non-guideline sentence. (Letter from Anthony L. Ricco and Edward D. Wilford to the Hon. Raymond J. Dearie, Dec. 14, 2009 at 18-19).  The amended decision in <u>Stewart</u> demonstrates that the defendants' arguments are misplaced.  <u>Stewart</u> also makes clear that the Court must consider whether support of terrorism is an aggravating factor in light of the Court's obligation to consider "the nature and circumstances of the offense" and "the need for the sentence imposed ... to reflect the seriousness of the offense."  18 U.S.C. § 3553(a)(1)-(2)(A).

2

In <u>Stewart</u>, over the defendant's objection, the district court concluded that the terrorism enhancement applied to defense lawyer Lynne Stewart, who was convicted of, <u>inter alia</u>, providing and concealing material support to a conspiracy to murder persons in a foreign country and conspiring to provide and conceal such support, because her "actions were 'calculated to affect the conduct of the Egyptian government through intimidation and coercion.'"  <u>Stewart</u>, 2009 WL 4975286, at *10, *46 (quoting the district court).  Applying the terrorism enhancement, the district court calculated the applicable guideline range to be 360 months' incarceration, the statutory maximum.  <u>See</u> <u>id</u>. at *46.  The district court concluded, however, that the terrorism enhancement "'would result in an unreasonable result . . . and produce a guideline range about quadruple the range [that would otherwise apply] without the enhancement.'" <u>Id</u>. at *48 (quoting the district court).  The district court also concluded that "the structure of the terrorism enhancement prevented the Guidelines from taking into account the fact that no victim was harmed as a result of the offense as charged . . . [and] that the enhancement operated to prevent the Guidelines from taking into account Stewart's actual criminal history." <u>Id</u>. The district court sentenced Stewart to 28 months' incarceration. <u>See</u> <u>id</u>. at *46.

The Second Circuit remanded for resentencing based on a procedural error not relevant here.  <u>See</u> <u>id</u>. at *51, *53.  The court also observed that, although the terrorism enhancement "plainly applie[d] as a matter of law," whether the district court actually applied it in determining Stewart's sentence "may be subject to disagreement."  <u>Id</u>. at *51.  The court noted that the district court may have "treated the terrorism enhancement as inapplicable" in light of Stewart's personal characteristics and therefore redetermined a sentencing range without regard to it. <u>See</u> <u>id</u>. at *52 n.37.  According to the court, "[t]his . . . would be error because the district court, by effectively recalculating the Guidelines range, would have decided, in substance, that the terrorism enhancement was inapplicable to Stewart's Guidelines calculation."  The court further held that on remand "the district court's section 3553(a) analysis must include consideration of whether support of terrorism is an aggravating factor in light of the court's obligation to consider 'the nature and circumstances of [Stewart's] offense' and 'the need for the sentence imposed . . . to reflect the seriousness of the offense.'"  <u>Id</u>. at *52 (quoting 18 U.S.C. § 3553(a)(1)-(2)(A) (alterations in <u>Stewart</u>)).

The court did not rule on the propriety of using the lack of actual harm caused by the offense as a mitigating factor in the Section 3553(a) analysis. See id. at *52.  In a concurring opinion, Judge Calabresi concluded that, "while a district court ought to be careful about giving too much weight to a factor like harm that might vary based on events beyond the defendant's control, we should not preclude a district court from giving lack of harm some weight, even for some crimes of terrorism."  See id. at *56 (Calabresi, J., concurring).  In an opinion concurring in part and dissenting in part, Judge Walker concluded that treating the absence of harm as a mitigating factor was error in Stewart's case and would be error in "a very broad heartland of cases":

> Actual harm is a flawed metric when determining culpability in material support prosecutions.  Precisely because of the devastating consequences at stake, it is, and should be, the focus of enforcement authorities to make every effort to prevent those consequences before they occur.  When enforcement authorities are successful, it is to their great credit and their efforts should in no sense lessen the deterrent effect of punishment by conferring a sentencing benefit on those whose efforts were thwarted.

Id. at *74-*75 (Walker, J., concurring in part and dissenting in part).

Here, as in Stewart, because the offense was calculated to affect the conduct of a foreign government, in this case the Sri Lankan government, "the terrorism enhancement plainly applies as a matter of law." Id. at *52.  The Court may not simply disregard it.  Moreover, when conducting its Section 3553(a) analysis, the Court must consider whether the defendants' support of terrorism is an aggravating factor.  As discussed in its previous submission, the government submits that it is.  Finally, the defendants' failure to succeed in helping the LTTE to kill people in Sri Lanka should not redound to their benefit.  If Yoga had sought assistance in buying missiles from someone who was not a government informant, or if that informant had chosen not to report Yoga's inquiry, the defendants might well have succeeded in buying nearly $1 million in high-tech weaponry and delivering them to a terrorist organization.

For the reasons discussed above and in the government's previous submissions, the Court should impose a sentence between

4

40 years and life imprisonment on Thani and a sentence between 35 years and life imprisonment on Satha.  The Court should impose a Guideline sentence of 30 years on Yoga.  The government does not oppose a non-Guideline sentence of less than life imprisonment for Sahil.

Respectfully submitted,

BENTON J. CAMPBELL
United States Attorney


By:  _____/s/_____
Greg D. Andres
Marshall L. Miller
Andrew E. Goldsmith
Assistant U.S. Attorneys
(718) 254-6421/6273/6498


cc:  Lee A. Ginsberg, Esq. (by ECF and electronic mail)
     Anthony Ricco, Esq. (by ECF and electronic mail)
     Bobbi C. Sternheim, Esq. (by ECF and electronic mail)
     Steve Zissou, Esq. (by ECF and electronic mail)
     Frank M. Marcigliano Jr., U.S. Probation Officer (by hand)