# FREEMAN, NOOTER & GINSBERG
#### ATTORNEYS AT LAW

LOUIS M. FREEMAN
THOMAS H. NOOTER*
LEE A. GINSBERG

30 VESEY STREET
SUITE 100
NEW YORK, N.Y. 10007

*NY AND CALIF. BARS

(212) 608-0808
(212) 962-9696 (FAX)

December 31, 2009

Via ECF

Honorable Raymond J. Dearie
Chief Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: United States v. Thiruthanikan Thanigasalam
        06 CR 615 (S-2)(RJD)

Dear Judge Dearie:

        This court has now received multiple presentations by all parties, as to what the appropriate sentence should be for my client, Thiruthanikan Thanigasalam ('Thani"). In the government's initial submission, a full history of the case including essentially all of the documents and tapes that would have been submitted as exhibits at trial were presented to the court. To some degree, the government, in its reply memorandum, summarizes the evidence, again. The government then goes on to oppose the request that the defendant receive the mandatory minimum sentence of **25 years** and, instead, argues for a sentence between **40 years to life.** It is posited by the government, that such a sentence would be reasonable, *ipso facto* a sentence of **25 years** would be unreasonable and not "sufficient" in terms of all the sentencing considerations and the 3553(a) factors.

        In arguing for a **40 years to life** sentence, the government counters the defendant's sentencing memorandum and concludes that the historical information presented by counsel, taken directly from Mr. Thanigasalam's application for refugee/asylum status in Canada, and apparently accepted and believed by the Canadian authorities, should be disregarded or at least substantially discounted. (See Gov't Letter of Dec. 21, 2009) In order to support its argument and demean the defendant's allegations regarding his torture, his father's murder and his family's flight from Sri Lanka, the government suggests that these statements in the refugee application are "not demonstrably false" but not "demonstrably true either." Whatever the court's decision is as to the appropriate and reasonable sentence to be imposed on Thani, this type of argument should be rejected because it is no more than a linguistic twist intended to undermine the

Page 1 of 2

substantial import that these events had in Thani's life. If they are true statements, as the Canadian government apparently believed they were, then they should weigh heavily in the defendant's favor when the court balances all of the competing factors in imposing sentence. If they are true statements, as every member of Thani's family and friends in Toronto said they were, even before the affidavits were submitted by counsel or any defense was firmly formed, then they should be viewed as life changing events that should not be visited on any person, in any country. If they are true, as his elderly and ill mother said they were, they should be considered in determining how many years Thani should be imprisoned in an American jail, without the ability of his family to visit him.

The government, in response to a disparity argument, also apparently suggests that a sentence above **25 years** is necessary in this case because to do otherwise "would increase unwarranted disparity, not reduce it." The explanation presented tries to draw strength from other sentences and case law that simply does not say or suggest what they government argues. Frankly, it would appear to counsel that, if anything, the other sentences in Maryland and the article cited by the government suggest that a sentence greater than **25 years** would be disparate. Additionally, this is not an apples to apples comparison because while some of the other cases did involve weapons, all were charged under a different statute and some did not involve weapons. Many defendants may have received the maximum sentence under 2339B but some have received sentences in the range of 118 and 123 months. Here, the government made a case-specific and district-specific decision to add a count, long after the initial indictment was filed, which carries a **25 year** mandatory minimum.  The government, thus, has already had the opportunity to insure a severe and substantial sentence be imposed. Therefore, unlike the other cases cited by the government, this court's discretion has already been limited by prosecutorial choices and the government has insured a significantly higher sentence be imposed in this case, whether disparate or not. Notwithstanding the government's discretionary choices we, once again, respectfully suggest that the court utilize the discretion and authority left to it, and impose a sentence no greater than **25 years**, for all the reasons previously advanced and for the reasons stated herein.

Respectfully,

*Lee Ginsberg*

Lee Ginsberg

cc:    Greg D. Andres, Esq. (By ECF)
       Marshall L. Miler, Esq. (By ECF)
       Andrew E. Goldsmith, Esq. (By ECF)
       All Defense Counsel (by ECF)