March 10, 2019

Sathajhan Sarachandran #64076-053
Federal Correctional Institution
P.O. Box 900
Ray Brook, NY 12977

Honorable Raymond J. Dearie
United States District Court
United States Courthouse
225 Cadman Plaza East
Brooklyn, NY 11201



FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★  MAR 2 0 2019  ★

BROOKLYN OFFICE

RECEIVED
MAR 2 0 2019
PRO SE OFFICE

RE:   Sarachandran v. U.S.
      1–06 –cr–00~~565~~; 12 – cv – 4802
      615 – 01

**Honorable Judge Dearie,**

    I was recently resentenced in the Southern District Court of New York in October of 2016 and ordered to serve a period of 180 months in an American prison. Prior to this re-sentencing, I was just completing my tenth consecutive year of incarceration and had a 25 year prison sentence hanging over my head. The experience of having 10 years removed off of my sentence was like having my life given back to me. A decade in prison is a long time and there is not a day that goes by that I am not grateful for this act of mercy and justice.

    Presently I am serving what should be the very last days of my sentence. Since I am a Canadian citizen and slated to be deported immediately upon the satisfaction of this sentence, the BOP has placed me at FCI Ray Brook which serves as a hub for the express purpose of repatriation for Canadian citizens.

    The purpose of this correspondence is to seek an expedited relief on an issue that will be extinct by the time the BOP implements the *First Step Act's Good Time Credit Fix*. Due to this delayed implementation, I am going to be subject to over-sentencing by a matter of months, not days. *I am requesting an interim remedy by asking this court to issue an order requiring Recalculation of Good Time Credit in regards to my sentence.* Unfortunately, without this remedy, it is certain that I will serve more time in prison then is lawfully and statutorily required; according to my

calculations, under the *First Step Act's Good Time Credit Fix*, I am to be released sometime in early June 2019.

From what I understand, the *First Step Act's Good Time Credit Fix* allows for prisoners who have abided by all institutional rules thereby demonstrating an exemplary compliance with any and all regulations are to receive the full requisite good time credits which is 54 days per-year sentenced (instead of the 47 days the BOP has been allotting prior to the *First Step Act's Good Time Credit Fix*). Since my incarceration, my disciplinary record will verify that I have never received an incident report in the more than 13 years I have been in custody. Consequently, I am eligible for the additional seven (7) days per-year which translates to an extra 90+ days minus my current projected release date of September 13, 2019; my new statutory release date will now reside somewhere in early June of this year.

Furthermore, Judge Ralph H. Beistline in Oregon's Federal District Court granted a petition set forth by Mark Walker (U.S. v Walker No: 3:10 cr - 00298 Feb. 7, 2019) for immediate relief by ordering the BOP to immediately recalculate Walker's sentence which allowed him to not over-serve his sentence. I pray this court considers my petition and merits the wisdom, mercy, and justice that I seek.

Sincerely & Respectfully,

Sathajhan Sarachandran

NOTICE TO INMATE POPULATION

On Friday December 21, 2018, the President signed into law new criminal justice legislation called the "FIRST STEP Act".

This law is requires the BOP to implement a number of changes. The agency is analyzing all the changes required but taking careful note of which changes are effective immediately and which changes require additional action.

We know that inmates and their families are particularly interested in the changes regarding good conduct time. The law will allow BOP in the future to apply 54 days of credit for every year a sentence was imposed, which is a change to the prior law.

While this change may result in additional credit for inmates in the future, it is not effective immediately nor is it applicable to all inmates.

Specifically, Section 102 (b) (2) of the law states "EFFECTIVE DATE.—The amendments made by this subsection shall take effect beginning on the date that the Attorney General completes and releases the risk and needs assessment system under subchapter D of chapter 229 of title 18, United 8 States Code, as added by section 101(a) of this Act."

In addition, Section 102 (b) (3) states, "APPLICABILITY.—The amendments made by this subsection shall apply with respect to offenses committed before, on, or after the date of enactment of this Act, except that such amendments shall not apply with respect to offenses committed before November 1, 1987."

Although this revision is not in effect at this time, the BOP is currently preparing to issue new sentence computations when the risk and needs assessment system is issued by the Attorney General, for "new law" inmates.

Additional information concerning other parts of the First STEP Act will be provided in the future.

SARACHANDRAN, SATHAJHAN 64076053